United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEUTSCHE BANK NATIONAL TRUST, AS INDENTURE TRUSTEE,

    Plaintiff,

v.

TONY HERRERA, et al.,

    Defendants.

                               /

No. C 12-00481 JSW

**ORDER DENYING APPLICATION TO PROCEED** *IN FORMA PAUPERIS* **AND REMANDING ACTION**

On January 30, 2012, Defendant Tony Herrera filed a notice of removal and an application to proceed *in forma pauperis*. For the reasons set forth in the remainder of this Order, the Court HEREBY DENIES Defendant's application to proceed *in forma pauperis* and REMANDS this action to the Superior Court of the State of California for Solano County - Vallejo-Benicia Judicial District ("Solano County Superior Court").

On November 15, 2011, Plaintiff filed a complaint for unlawful detainer in Solano County Superior Court (the "State Court action"). (*See* Notice of Removal.) Although Mr. Herrera was not originally named as a defendant, he filed a prejudgment claim of possession and was added as a defendant. Herrera has removed the State Court action on the basis that jurisdiction is premised upon a federal question. Specifically, he claims Plaintiff failed to comply with the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"). (*See id*.)

Defendant seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 ("IFP"). The district court may deny IFP status and even where the filing fee is paid may dismiss a complaint if federal subject matter jurisdiction is lacking or if the complaint is frivolous. 28

U.S.C. § 1915(e)(2)(B). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441.

However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar Inc. v. Williams*, 482 U.S. 382, 392 (1987). The well-pleaded complaint rule recognizes that the plaintiff is the master of his or her claim. "[H]e or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Thus, under the well-pleaded complaint rule, federal-question jurisdiction arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. 1, 27-28 (1983).

The State Court action is an unlawful detainer action and, thus, federal law does not create the cause of action. Moreover, the Court concludes that the claim will not necessarily depend upon the resolution of a substantial question of federal law, because Plaintiff need not prove compliance with the federal law relied upon by Defendant to establish its claim. *See, e.g., Grable & Sons Metal Prods. v. Darue Eng. & Mfg.*, 545 U.S. 308, 314-15 (2005).

Furthermore, a court cannot exercise removal jurisdiction on the ground that the complaint gives rise to a potential or an anticipated *defense* or counterclaim that might raise a federal question, even if the defense is the only question truly at issue in the case. *Franchise*

2

*Tax Board*, 463 U.S. at 10, 14; *see also Caterpillar*, 482 U.S. at 393 ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.") (emphasis in original); *MSF REO II v. Catedrilla*, 2012 WL 394463, at *2-3 (E.D. Cal. Feb. 6, 2012) (noting that federal courts also have held that the PTFA does not create private right of action) (collecting cases). Therefore, the Court finds that it lacks subject matter jurisdiction to hear this matter and must remand to the state court. *See* 28 U.S.C. § 1447(c); *see also Maniar v. FDIC*, 979 F.2d 782, 785 (9th Cir. 1992).

Accordingly, the Court DENIES Defendant's application to proceed *in forma pauperis*, VACATES the case management conference scheduled for May 25, 2012, and REMANDS this case to Solano County Superior Court. The Clerk shall transfer the file forthwith.

**IT IS SO ORDERED.**

Dated: February 22, 2012



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DEUTSCHE BANK,

        Plaintiff,

  v.

TONY HERRERA et al,

        Defendant.
                                  /

Case Number: CV12-00481 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 22, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Tony Herrera
131 Prestwick Court
Vallejo, CA 94591

Dated: February 22, 2012

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk